**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **C O M P L A I N T** |
| LTI SERVICES, LLC. | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and to provide appropriate relief to qualified female applicants who were adversely affected by such practices. As alleged with greater particularity in paragraphs 12-19 below, the Equal Employment Opportunity Commission ("Commission") alleges that LTI Services, LLC. ("Defendant" or "LTI") refused to hire qualified females for a receiving associate position, in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to

bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has had at least 15 employees and has been an Illinois limited liability company doing business in the State of Indiana.

5.      At all relevant times, Defendant has been engaged in the business of providing temporary staffing services to the Chicago metropolitan area and Northern Indiana.

6.      At all relevant times, Defendant has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7.      On December 6, 2018, more than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission alleging in part that LTI engaged in violations of Title VII by failing to hire females on the basis of sex for a receiving associate position.

8.      On May 29, 2019, the Commission issued to LTI a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      From June to October 2019, the Commission engaged in communications with LTI to provide them with the opportunity to remedy the discriminatory practices described in the Letter of Determination. However, the Commission was unable to secure from LTI a conciliation agreement acceptable to the Commission.

10.     On October 30, 2019, the Commission issued to LTI a Notice of Failure of Conciliation.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.     Since at least July 2018, LTI engaged in unlawful employment practices at its Elkhart and South Bend locations in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000(e)-2(a). These practices include, but are not limited to, refusing to hire qualified women as receiving associates.

13.     In or around July 2018, LTI acquired a new client, Tire Rack, which was looking to fill open, receiving associate positions.

14.     Since July 2018, LTI has had at least 148 applicants for Tire Rack's receiving associate position, with at least 53 of the applicants being female.

15.     LTI only interviewed and contacted male applicants for the receiving associate position, hiring at least 27 male applicants.

16.     LTI did not call for interview, contact or hire any of the female applicants who applied for the receiving associate position.

17.     LTI refused to hire qualified and experienced women and instead hired men, some of whom did not meet the position's experience or work-history requirements.

18.     LTI was frequently unable to meet Tire Rack's demand for employees but it still did not contact or hire qualified female applicants.

19.     For example, Khalia Gilliam had years of experience working in assembly, machine operation, and quality control.

      a.     Gilliam applied with LTI for the Tire Rack position online and in-person.

      b.     When she applied in-person, one of LTI's recruiters tried to steer her away from the Tire Rack position, attempting to dissuade her from applying.

      c.     Even after multiple follow ups with LTI, Gilliam was not interviewed or selected for the Tire Rack position.

20. The effect of the practices complained of in paragraphs 12-19 above has been to deprive female applicants of equal employment opportunities and otherwise affect their status as applicants and employees because of their sex.

21. The unlawful employment practices complained of in paragraphs 12-19 above were intentional.

22. The unlawful employment practices complained of in paragraphs 12-19 above were done with malice or with reckless indifference to the federally protected rights of female applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in hiring discrimination based on sex, to include, but not limited to, failing to hire qualified females as receiving associates.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified female applicants and that eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant to make whole the qualified female applicants by providing appropriate back pay with prejudgment interest, in the amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to the hiring of female receiving associates.

D. Order Defendant to make whole the qualified female applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 12-19 above, in the amounts to be determined at trial.

E. Order Defendant to make whole the qualified female applicants by providing

compensation for past and future non-pecuniary losses resulting from the unlawful practices

complained of in paragraphs 12-19 above, including but not limited to, emotional pain, distress,

suffering, humiliation, and inconvenience, in amounts to be determined at trial.

      F.      Order Defendant to make whole the qualified female applicants by providing

punitive damages for Defendant's malicious and reckless conduct, as described in paragraphs 12-19

above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public

interest.

      H.      Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
131 M. Street, N.E.
Washington, D.C. 20507

KENNETH L. BIRD
Regional Attorney
NANCY D. EDMONDS
Supervisory Trial Attorney

*/s/ Alessandra M. Rosa*
Alessandra M. Rosa
Trial Attorney, IN Bar No. 35133-29
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN  46204
alessandra.rosa@eeoc.gov
Tel. (463) 999-1181