UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:20-cv-00304-RLM-MGG |
| v. | ) ) | |
| LTI SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

LTI Services, LLC ("Defendant"), by counsel, submits its response to the Complaint ("Complaint") filed by plaintiff Equal Employment Opportunity Commission (the "EEOC"). For ease of reference, the EEOC's allegations are set forth verbatim with Defendant's responses following each allegation.

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and to provide appropriate relief to qualified female applicants who were adversely affected by such practices. As alleged with greater particularity in paragraphs 12-19 below, the Equal Employment Opportunity Commission ("Commission") alleges that LTI Services, LLC. ("Defendant" or "LTI") refused to hire qualified females for a receiving associate position, in violation of Title VII.

**RESPONSE:** Defendant admits that the EEOC purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Defendant denies the remaining allegations contained in the introductory paragraph of the Complaint.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**RESPONSE:** The allegations in paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over Defendant.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana.

**RESPONSE:** Defendant denies that it engaged in any unlawful employment practices, but admits that the alleged actions took place within the jurisdiction of the United States District Court for the Northern District of Indiana.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

**RESPONSE:** Defendant admits that the EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII. The remaining allegations in paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. At all relevant times, Defendant has had at least 15 employees and has been an Illinois limited liability company doing business in the State of Indiana.

**RESPONSE:** Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. At all relevant times, Defendant has been engaged in the business of providing temporary staffing services to the Chicago metropolitan area and Northern Indiana.

**RESPONSE:** Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**RESPONSE:** The allegations in paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 6 of the Complaint.

## ADMINISTRATIVE PROCEDURES

7. On December 6, 2018, more than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission alleging in part that LTI engaged in violations of Title VII by failing to hire females on the basis of sex for a receiving associate position.

**RESPONSE:** Defendant admits that, on or about December 6, 2018, Joshua Ferrier filed a second amended Charge of Discrimination with the EEOC alleging in part that Defendant failed to hire females for positions at Tire Rack. Defendant denies the remaining allegations contained in paragraph 6, of the Complaint, including without limitation the merits of the allegations asserted in the Charge of Discrimination.

8. On May 29, 2019, the Commission issued to LTI a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join

with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

**RESPONSE:** Defendant admits that its counsel received a Letter of Determination from the EEOC dated May 29, 2019. Defendant further admits the allegations contained in paragraph 8 of the Complaint to the extent they are consistent with the actual language of the Letter of Determination when it is read as a whole, but denies the remaining allegations contained in paragraph 8 of the Complaint.

9.  From June to October 2019, the Commission engaged in communications with LTI to provide them with the opportunity to remedy the discriminatory practices described in the Letter of Determination. However, the Commission was unable to secure from LTI a conciliation agreement acceptable to the Commission.

**RESPONSE:** Defendant admits that it engaged in communications with the EEOC regarding the Letter of Determination and that the parties were unable to reach a conciliation agreement acceptable to the EEOC. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10. On October 30, 2019, the Commission issued to LTI a Notice of Failure of Conciliation.

**RESPONSE:** Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

**RESPONSE:** The allegations in paragraph 11 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 11 of the Complaint.

## STATEMENT OF CLAIMS

12. Since at least July 2018, LTI engaged in unlawful employment practices at its Elkhart and South Bend locations in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000(e)-2(a). These practices include, but are not limited to, refusing to hire qualified women as receiving associates.

**RESPONSE:** Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. In or around July 2018, LTI acquired a new client, Tire Rack, which was looking to fill open, receiving associate positions.

**RESPONSE:** Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Since July 2018, LTI has had at least 148 applicants for Tire Rack's receiving associate position, with at least 53 of the applicants being female.

**RESPONSE:** Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. LTI only interviewed and contacted male applicants for the receiving associate position, hiring at least 27 male applicants.

**RESPONSE:** Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. LTI did not call for interview, contact or hire any of the female applicants who applied for the receiving associate position.

**RESPONSE:** Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. LTI refused to hire qualified and experienced women and instead hired men, some of whom did not meet the position's experience or work-history requirements.

**RESPONSE:** Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. LTI was frequently unable to meet Tire Rack's demand for employees but it still did not contact or hire qualified female applicants.

**RESPONSE:** Defendant admits that from time to time it was unable to meet Tire Rack's demand for temporary employees, but denies all remaining allegations contained in paragraph 18 of the Complaint.

19. For example, Khalia Gilliam had years of experience working in assembly, machine operation, and quality control.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies the same.

    a. Gilliam applied with LTI for the Tire Rack position online and in-person.

**RESPONSE:** Defendant denies the allegations contained in paragraph 19a of the Complaint.

    b. When she applied in-person, one of LTI's recruiters tried to steer her away from the Tire Rack position, attempting to dissuade her from applying.

**RESPONSE:** Defendant denies the allegations contained in paragraph 19b of the Complaint.

    c. Even after multiple follow ups with LTI, Gilliam was not interviewed or selected for the Tire Rack position.

**RESPONSE:** Defendant denies the allegations contained in paragraph 19c of the Complaint.

20. The effect of the practices complained of in paragraphs 12-19 above has been to deprive female applicants of equal employment opportunities and otherwise affect their status as applicants and employees because of their sex.

**RESPONSE:** Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. The unlawful employment practices complained of in paragraphs 12-19 above were intentional.

**RESPONSE:** Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. The unlawful employment practices complained of in paragraphs 12-19 above were done with malice or with reckless indifference to the federal protected rights of female applicants.

**RESPONSE:** Defendant denies the allegations contained in paragraph 22 of the Complaint.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in hiring discrimination based on sex, to include, but not limited to, failing to hire qualified females as receiving associates.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified female applicants and that eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant to make whole the qualified female applicants by providing appropriate back pay with prejudgment interest, in the amount to be determined at trial, and other

affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to the hiring of female receiving associates.

D.    Order Defendant to make whole the qualified female applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 12-19 above, in the amounts to be determined at trial.

E.    Order Defendant to make whole the qualified female applicants by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 12-19 above, including but not limited to, emotional pain, distress, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

F.    Order Defendant to make whole the qualified female applicants by providing punitive damages for Defendant's malicious and reckless conduct, as described in paragraphs 12-19 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

**RESPONSE:** Defendant admits that the EEOC is requesting relief, but denies that the EEOC is entitled to any relief in this matter. Defendant further respectfully requests that this Court enter judgment in its favor and against the EEOC, awarding it its costs, including reasonable attorneys' fees, and such other and further relief as the Court deems just.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RESPONSE:**  Defendant admits that the EEOC seeks a jury trial.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

1. The claims asserted by the EEOC are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. The EEOC cannot bring a "pattern or practice" claim of discrimination under Section 706 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

3. Subject to reasonable opportunity for investigation and discovery, the claims asserted by the EEOC, in whole or in part, are limited or barred by the doctrines of estoppel, waiver, laches, and/or unclean hands.

4. Subject to reasonable opportunity for investigation and discovery, the claims asserted by the EEOC are limited by the doctrine of after-acquired evidence.

5. The EEOC and/or the allegedly aggrieved individuals have no right to any relief because Defendant would have made the same decisions or taken the same actions absent any allegedly unlawful motivation.

6. The claims asserted by the EEOC of intentional discrimination on the basis of sex under Title VII are barred because Defendant's actions with respect to the allegedly aggrieved individuals have been in all respects for legitimate, non-discriminatory, non-retaliatory business reasons and, as such, are not unlawful.

7. The claims asserted by the EEOC for damages are limited by the applicable limits on statutory damages in 42 U.S.C. § 1981a(b)(3) and state law.

8. To the extent the EEOC is pursuing a claim for punitive damages, that claim is barred or otherwise limited by federal and state law, and/or Defendant's good faith efforts to comply with equal employment opportunity laws.

9. Subject to reasonable opportunity for investigation and discovery, the claims asserted by the EEOC, in whole or in part, are limited or barred by the allegedly aggrieved individuals' failure to mitigate their damages by failing to use reasonable diligence in finding other suitable employment as required by Title VII.

10. The EEOC and/or the allegedly aggrieved individuals are not entitled to compensatory, liquidated or punitive damages, or attorneys' fees because Defendant did not at any time engage in any unlawful, willful, reckless, or malicious conduct toward them or with intent to injure them or with knowledge or belief that injury was substantially certain to occur.

11. The claims asserted by the EEOC, in whole or in part, are limited or barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

12. The EEOC's claim for punitive damages is limited or barred because Defendant cannot be held vicariously liable for any employment decisions of managerial agents that are contrary to its good faith efforts to comply with applicable federal employment law.

Respectfully submitted,

*s/ Michael C. Terrell*
Michael C. Terrell, #2124-49
Erica M. Knear, #35028-53
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
(317) 713-3500 – telephone
(317) 713-3699 – fax
mterrell@taftlaw.com
eknear@taftlaw.com

*Counsel for Defendant*
*LTI Services, LLC*