UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| *Plaintiff* | ) ) ) CASE NO. 3:20-CV-304-RLM-MGG |
| vs. | ) ) |
| LTI SERVICES LLC, | ) ) |
| *Defendant* | ) |

## **CONSENT DECREE**

This cause of action was initiated on April 9, 2020, by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), an agency of the United States Government, alleging that Defendant LTI Services, LLC ("LTI") engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The EEOC alleged that LTI violated Title VII by refusing to hire qualified female applicants for a receiving associate position.

The parties desire to settle this action amicably, without the burden, expense, and delay of further litigation, and stipulate to the entry of this Consent Decree as final and binding between them. This Consent Decree does not constitute an admission by either party as to the claims or defenses of the other. LTI denies the allegations in the Complaint and denies that it violated Title VII.

The parties stipulate to the jurisdiction of the Court over the parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

**It is therefore ORDERED, ADJUDGED, AND DECREED as follows:**

It is the finding of this Court that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all of the matters in controversy between the parties as provided in Sections 1 through 4 below.

The Court shall retain jurisdiction of this action for the duration of the Consent Decree for the purposes of entering all orders, judgments, and decrees which may be necessary to implement its terms and the relief provided.

**RECITALS**

In March 2019, LTI Services, LLC sold its assets to Onin Staffing, LLC ("Onin"). The alleged events underlying this cause of action occurred before the asset purchase. In addition, the Elkhart, Indiana and South Bend, Indiana locations of LTI at which the alleged events occurred are no longer in operation. Onin, however, does operate a different office located in Indianapolis, Indiana (the "Onin Indianapolis Office").

**1. Injunctive Relief**

**1.1.    Non-Discrimination in Employment**

LTI, the Onin Indianapolis Office, and the Onin Indianapolis Office's officers, agents, and successors are permanently enjoined from failing to assign

females to jobs based on their sex and shall not maintain sex-segregated job classifications, except "in those certain instances where . . . sex . . . is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise." 42 U.S.C. § 2000e-2(e).

### 1.2. Retaliation Prohibited

LTI, the Onin Indianapolis Office, and the Onin Indianapolis Office's officers, agents, and successors are permanently enjoined from discriminating against any person: (i) because such person made a charge or opposed an unlawful employment practice under Title VII or any other law enforced by the EEOC; or (ii) assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII or any other law enforced by the EEOC.

### 1.3. Term

The term of this Consent Decree shall be for two (2) years following the date of the entry of this Consent Decree ("Term").

## 2. LTI's and the Onin Indianapolis Office's Obligations

### 2.1. Posting and Training

**2.1.1.** Within five (5) business days of entry of this Consent Decree, LTI shall post the Notice of Non-Discrimination Policy (Attachment A) in a conspicuous location visible to applicants and employees at the Onin Indianapolis Office. Said Notice shall remain posted throughout the Term of this Consent Decree. Should the Notice become defaced, marred, or unreadable throughout the Term of this Consent Decree, LTI will replace the affected Notice with a new one.

### 2.1.2. Manager/Recruiter Training

A. Within sixty (60) calendar days of entry of this Consent Decree, LTI shall provide training to Phil McMahon, Regional Vice President – Midwest, Tom Warrick, Area Manager and National Accounts, and all recruiters at the Onin Indianapolis Office. The training shall cover: (i) Title VII's prohibitions against sex discrimination; and (ii) how to avoid stereotyping and subjective bias in recruitment, hiring, and placement.

B. For Mr. McMahon, Mr. Warrick, and all recruiters in the Onin Indianapolis Office currently employed on the entry date of this Consent Decree, the training shall be conducted via Zoom and shall be interactive with the opportunity to discuss questions and actual, realistic work scenarios. The training session shall be at least one hour in duration.

C. During the Term of this Consent Decree, LTI shall ensure that any recruiter who is assigned responsibility for hiring and job placement in the Onin Indianapolis Office for more than thirty (30) calendar days receives the training described in Section 2.1.2.A. within forty-five (45) calendar days of assuming such responsibility. This training may utilize a pre-recorded training video and shall be at least one hour in duration.

### 2.2. Monetary Relief

#### 2.2.1. Payment

A. LTI shall pay a total of twenty-five thousand dollars ($25,000.00) in lost wages and compensatory damages to those claimants the EEOC deems

eligible for such monetary relief (the "Eligible Claimants") pursuant to the direction of the EEOC and as detailed below.

  B. Award criteria and all distributions of monetary relief to and among Eligible Claimants has been determined at the sole discretion of the EEOC. LTI shall have no role in determining whether someone is an Eligible Claimant or amounts payable to such persons, and LTI shall not object to the EEOC's determinations.

  C. Within five (5) business days following the entry of the Consent Decree, the EEOC will provide LTI with the name of each Eligible Claimant, a Form W-9 for each Eligible Claimant, and the amount payable to each Eligible Claimant, including the allocation between lost wages and compensatory damages. LTI shall issue a form W-2 and 1099 for lost wages and compensatory damages paid to the Eligible Claimants. LTI shall not withhold any amounts from payments to any Eligible Claimant for compensatory damages that are not lost wages.

  D. Each Eligible Claimant shall be solely responsible for any federal, state, and local taxes incurred as a result of any aspect of the payments made pursuant to this Section 2.2.

  E. LTI shall issue the checks and mail the payments to the addresses designated by the Commission, via certified mail return receipt requested, within fourteen (14) calendar days of the EEOC providing the name of each Eligible Claimant.

F.    Within fourteen (14) calendar days of mailing the payments, LTI shall provide by mail a copy of the payments to EEOC counsel Alessandra M. Rosa, 101 W Ohio Street, Suite 1900, Indianapolis, IN 46204 and an electronic copy of the same to: monitoring-EEOC-INDO@eeoc.gov.

G.    LTI shall provide to the Commission a copy of each Eligible Claimant's signed certified mail receipt as proof of payment.

**2.3   Reporting**

**2.3.1** Within sixty (60) calendar days of entry of this Consent Decree, LTI shall certify to the EEOC, in writing, that the Notice required in Section 2.1.1. has been properly posted, including identifying the location where the Notice has been posted.

**2.3.2** Within sixty (60) calendar days of compliance with the initial training requirement in Section 2.1.2, LTI shall provide written certification of compliance to the EEOC. The certification shall include the identity of the person or persons leading the training, and a list of the names, job titles, and work locations of all attendees for each training session and copies of any written materials provided to attendees.

**2.3.3** LTI shall provide the Commission with two (2) annual reports. The first report shall be provided on September 1, 2021 and the second report shall be provided by September 1, 2022.

A.    As part of each annual report, LTI shall certify that it is in compliance with all of its obligations under the Consent Decree.

B.    LTI shall include with the report copies of all training documents listed under Section 2.3.2 for the training requirement in Section 2.1.2.

C.    LTI shall report any formal written complaints received by the Onin Indianapolis Office made by any person who requests or applies for an assignment through the Onin Indianapolis Office and alleges sex discrimination in the assignment. LTI shall report to the Commission the person's name, last known contact information, an explanation of the complaint, and its resolution.

D.    LTI shall report the number of warehouse associate positions open for hiring out of the Onin Indianapolis Office during that year and the number of individuals hired for each position, by gender.

## 3. Enforcement

### 3.1   Compliance

The Commission is authorized to review compliance with this Consent Decree. As part of its review, the Commission may interview employees and examine and copy documents. The EEOC shall provide LTI with reasonable notice to Michael C. Terrell, counsel for LTI, of its intent to interview employees and/or examine and copy relevant documents prior to conducting such interviews or examining and copying such documents. For purposes of this Section 3.1, "reasonable" notice shall mean notice no fewer than ten (10) business days prior to conducting such interviews or examining and copying such documents. Notice shall be provided via email to counsel at MTerrell@taftlaw.com.

**3.2   Informal Dispute Resolution**

In the event the Commission alleges that a violation of this Consent Decree has occurred, the Commission will give notice in writing by certified mail to Michael C. Terrell, counsel for LTI, at One Indiana Square Suite 3500, Indianapolis, IN 46204. The notice will specifically identify the alleged violation. LTI shall respond to the allegation within fourteen (14) calendar days. After LTI responds, the parties shall have a period of fourteen (14) calendar days, or such additional period as may be agreed to by them, in which to negotiate and confer regarding the Commission's allegation. All time periods within this Section 3.2 may be modified by mutual agreement of LTI and the Commission without the Court's involvement.

**3.3   Jurisdiction and Judicial Dispute Resolution**

A.   This Court shall retain jurisdiction to enforce this Consent Decree and will have all available powers to enforce this Consent Decree, including, but not limited to, monetary sanctions and injunctive relief.

B.   The EEOC may petition this Court for compliance with this Consent Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that LTI has not complied with this Consent Decree, appropriate relief, including monetary sanctions and/or extension of this Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

C.   If the EEOC moves to enforce the Consent Decree, and the Court determines that LTI has not complied with this Consent Decree and orders relief,

LTI shall pay the EEOC's costs and attorney's fees incurred in obtaining LTI's compliance.

**4. Miscellaneous Provisions**

**4.1 Costs and Attorneys' Fees**

The parties shall each bear their own costs and attorneys' fees, except as set forth in Section 3.3.

**4.2 Delivery of Required Certifications and Reports**

Each report, certification, and copy of documentation required by this Consent Decree shall be mailed to EEOC counsel Alessandra M. Rosa, 101 W Ohio Street, Suite 1900, Indianapolis, IN 46204, and an electronic copy of the same emailed to monitoring-EEOC-INDO@eeoc.gov.

**4.3 Amendment**

This Consent Decree may only be modified by the Court.

**4.4 Consent Decree Binding on Successor**

This Consent Decree shall be binding on LTI and any successors-in-interest. As to the Onin Indianapolis Office, only, Onin shall be deemed LTI's successor-in-interest. No transfer of ownership or operation of LTI's business or the Onin Indianapolis Office shall relieve LTI of its obligation to ensure that the terms of this Consent Decree are implemented. Before selling or merging the Onin Indianapolis Office, LTI shall notify all potentital buyers and bidders of this Consent Decree and its terms. The notice shall include a copy of this Consent Decree, personally served by the Onin Indianapolis Office. The terms of this Consent Decree are and shall be binding upon the present and future owners,

officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of LTI.

**IT IS SO ORDERED, ADJUDGED, AND DECREED**.

SO ORDERED.

ENTERED:   October 27, 2020

      /s/ Robert L. Miller, Jr.      
Judge, United States District Court